IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COOPERATIVE MEDICAL HEALTH CARE CORPORATION, P.A. | ) ) | CASE NO.: |
| 165 W. Bagley Road | ) | |
| Berea, OH  44017 | ) | JUDGE |
| | ) | |
| *On behalf of itself and all others* | ) | |
| *similarly situated* | ) | **CLASS ACTION COMPLAINT** |
| | ) | **AND JURY DEMAND** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| PHYSICIANS ANSWERING GROUP | ) | |
| EXCHANGE, INC. | ) | |
| 225 Green Street | ) | |
| Fayetteville, NC  28314 | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES the Plaintiff, **Cooperative Medical Health Care Corporation, P.A**, ("Cooperative Medical Health") on behalf of itself and all others similarly situated, by and through the undersigned counsel, and hereby alleges and avers for its Class Action Complaint against **Physicians Answering Group Exchange, Inc.**  ("PAGE") as follows:

### INTRODUCTION

1.    Cooperative Medical Health brings this nationwide Class Action Complaint against PAGE for statutory damages resulting from violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") in sending unsolicited marketing and advertising facsimiles to people and businesses who have not given their consent.

1

2.  Congress has found that "Unrestricted telemarketing … can be an intrusive invasion of privacy," that "automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call," and that "Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce." *Id*., Congressional Statement of Findings.

3.  As a result, the TCPA prohibits the use of a telephonic facsimile machine to send unsolicited advertisements without the express permission of the recipient, creates a private right, and provides for statutory damages to redress violations of the law. *Id.*

## PARTIES

4.  Plaintiff is a resident of Ohio, who received an unsolicited facsimile from Defendant on its office fax machine without its consent.

5.  Defendant is a foreign corporation not registered to do business in Ohio.

6.  Defendant is based in Fayetteville, North Carolina.

7.  Defendant does business as "page," "PAGE," and "P.A.G.E."

8.  Defendant is in the business of offering and selling telephone answering and paging services nationwide, that it markets to medical practices.

## JURISDICTION

9.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

10.  Venue is proper in this District because Defendant directed its tortious conduct at the Northern District of Ohio, causing Plaintiff's injury here.

## FACTS

11.  On or about February 18, 2020, Defendant sent an unsolicited facsimile to Plaintiff.

12. Plaintiff and Defendant had no prior or existing business relationship, and Plaintiff did not give Defendant its number or consent to be sent a facsimile.

13. The facsimile was one page long and advertised Defendant's services to Plaintiff.

14. The facsimile is attached hereto as Exhibit 1.

15. On information and belief, Defendant sent the facsimile as part of a national marketing campaign.

16. On information and belief, Defendant continues to send such facsimiles nationwide without prior consent to do so.

17. Defendant's transmission of the facsimile caused damaged to Plaintiff, including, but not limited to, monetary loss due the costs of paper, ink and toner; monetary loss due to work interruption and the loss of employee time to review the fax; invasion of privacy; nuisance; trespass to its chattel by interfering with its office facsimile used to aid patients; stress; aggravation; and because a violation of the TCPA is itself a concrete injury.

18. All members of the proposed class have suffered the same or substantially the same injury due to Defendant's conduct as described herein.

## CLASS ALLEGATIONS

19. Class Definition: Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a Class of similarly situated individuals or business, defined as follows:

> All persons in the United States who received a facsimile from or on behalf of Defendant advertising its services and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from defendant, within the four years prior to the filing of the Complaint until the class is certified.

20.     Numerosity: The exact number of the number of class members is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable.  However, because Defendant has chosen unsolicited facsimiles as a marketing strategy and this strategy requires contacting hundreds if not thousands of the individuals/businesses, the Class likely consists of thousands of individuals and businesses.  Nonetheless, class members can be easily identified through Defendant's or its agents' records.

21.     Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and these questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include but are not limited to the following:

a)     Whether Defendant sent the attached fax or had it sent on its behalf;

b)     Whether Defendant had or attempted to obtain consent;

c)     How Defendant compiles its list of individuals/companies to send facsimiles;

d)     Whether Defendant has processes in place to prevent unsolicited facsimiles;

e)     Whether Defendant's conduct was willful;

f)     Whether Defendant's facsimiles were advertisements; and

g)     Whether Defendant's conduct constitutes a violation of the TCPA.

22.     Typicality: Plaintiff's claims are typical of the claims of other Class members and it sustained the same damages as other members of the Class as a result of Defendant's actions.

23.     Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff has retained counsel competent and experienced in complex litigation and class actions including TCPA cases.  Furthermore, Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff.  Plaintiff and its

4

counsel are committed to vigorously prosecuting this action on behalf of members of the Class, and they have the financial resources to do so.

24.     Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class, the relatively small individual recovery, and the costs of litigation.

**FIRST CLAIM FOR RELIEF**
Violation of 47 U.S.C § 227
(On behalf of Plaintiff and the Class)

25.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

26.     The TCPA expressly prohibits unsolicited facsimile advertising, 47 U.S.C. § 227(b)(1)(C).

27.     The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission in writing or otherwise."  47 U.S.C. § 227(a)(5); 47 C.F.R. § 64.1200(f)(1).

28.     The Sixth Circuit looks to dictionary definitions of the word "advertising" to further clarify its meaning to "the action of calling something" of a "commercial nature" to the attention of the public."  *Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 221-222 (6th Cir. 2015)."

29.     As such, Defendant violated this provision by sending unsolicited facsimiles advertising of its services to Plaintiff and the class.

30.     Accordingly, Defendant's facsimiles are regulated by the TCPA, and Defendants transmission of it without prior consent or a business relationship is unlawful.

31.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class have suffered actual damages as set forth above.

32.     Under 47 U.S.C. § 227(b)(3)(B), Plaintiff and members of the Class are each entitled to, *inter alia,* a minimum of $500 in statutory damages for each violation.

33.     Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class to $1,500 for each violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory damages per statute as described above;

D. An award of reasonable litigation expenses and attorneys' fees;

E. An award pre- and post-judgment interest to the extent allowable; and

F. An award of any such other and further relief as equity and justice may require.

Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
Frederick & Berler LLC
767 East 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 566-9400(fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
michaelf@clevelandconsumerlaw.com


## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.


*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Frederick & Berler, LLC
*Attorney for Plaintiff*



## page

Physicians Answering
Group Exchange

24 Hour Medical Answering Service

# (833)609-5455

## We offer

- ✓ 24/7/365 live telephone answering service
- ✓ HIPAA compliant secure messaging
- ✓ Secure web portal
- ✓ Courteous, professional, and medically trained staff
- ✓ Fair and reasonable rates

If you are frustrated with your current answering service, call us today! Switching is easy and we can have you on service the same day you call.

Sign up by 2/28/2020 and get your 1st month of service for free.  Also, when you sign up by 2/28/2020, you can get your service for $99 per month (per-provider)!  No charge for messages, minutes, calls, or work time!

# $99 per month (per-provider)

# (833)609-5455

**Exhibit 1**